TEMPLE S. COONS *v.* THOMAS J. THRELDKELD and another.

No appeal will lie to the Supreme Court from a judgment on a promissory note for three hundred dollars, which bore no interest, though interest was claimed in the petition from the maturity of the note, and allowed by the judgment from judicial demand. To authorize an appeal, it must appear that the matter in dispute exceeds three hundred dollars; and as no interest was due at the time of citation, the claim cannot be said to exceed that sum. Constitution, art. 4, sect. 2. C. P. 874.

APPEAL from the District Court of Madison, *Willson*, J.

*J. M. Downes*, for the appellant.

*Browder*, for the defendants.

SIMON, J. This case originated in the Parish Court of the parish of Madison, where it was brought upon a note for three hundred dollars, which bore no interest, except from judicial

demand.*   A judgment by default was taken there against the defendants, and the same having been regularly made final, an appeal therefrom was taken by the defendants to the Court of the Ninth Judicial District for the parish of Madison.

It appears that after the case had been brought on appeal before the District Court, exceptions were filed by the defendants and appellants to the original jurisdiction of the Parish Court, and to the sufficiency of the service of the citation which had originally issued there.   Various proceedings were had before two successive and different district judges, the first of whom, after having nonsuited the plaintiff, granted him a new trial; and the second, without assigning any reason therefor, but simply saying that in his judgment the exceptions filed by the defendants had been sustained, dismissed the plaintiff's action, at his costs. From this last judgment, the plaintiff took the present appeal.

This case does not come within our appellate jurisdiction. The original suit brought before the parish court, was for a sum of three hundred dollars, which bore no interest, and on which no interest could be demanded and allowed, but from judicial demand.   This was clearly within the jurisdiction of parish courts in general, which, under art. 128 of the Code of Practice, have jurisdiction in all civil cases, *where the value in dispute does not exceed three hundred dollars.*   5 Mart., N. S. 647. No interest being due on the claim sued for, at the time the citation issued, the plaintiff's claim could not be said to exceed $300. We have often and repeatedly held, that no appeal will lie to this court, where it does not appear that the matter in dispute exceeds three hundred dollars.   3 La., 269.   4 La., 296.   5 Mart. N. S., 566.   3 Mart. 158.   And in a late case reported in 1 Rob., 25. we held again, that no appeal will lie from a demand for three hundred dollars, with interest from judicial demand.   See also sect. 2, of art. 4, of the Constitution of Louisiana, and the Code of Practice, art. 874.

---

The petition was filed in the Parish Court, November 10, 1841. It claimed interest from the 21st of December, 1840, the maturity of the note; and an interrogatory was propounded to the defendants, asking whether payment was not legally demanded of them on that day.   The judgment allowed interest from judicial demand.

We have not been able to discover, with regard to the question of jurisdiction, any valid reason for dismissing the plaintiff's action on appeal before the District Court, and he had perhaps a right to maintain it below; but be this as it may, we cannot afford him any relief in this court, as his case is not within our appellate jurisdiction,

*Appeal dismissed.*